Brittany Shaw Carter (Cal. State Bar No. 331773)
    brittany@calljustice.com
Nareh Derhartounian (Cal. State Bar No. 364270)
    n.derhartounian@calljustice.com
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Telephone:    (818) 265-1020
Facsimile:    (818) 265-1021

*Attorneys for* Plaintiff
RICHARD MILLER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MILLER, individually, and on behalf of other members of the general public similarly situated;<br><br>      Plaintiff,<br><br>      vs.<br><br>HAWTHORN SENIOR LIVING, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>      Defendants. | Case No.: 2:26-cv-01779-TLN-JDP<br><br>Honorable Troy L. Nunley<br><br>*[Removed from El Dorado Superior Court, Case No. 26CV0626]*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Plaintiff's Memorandum of Points and Authorities; [Proposed] Order]<br><br>Date: August 20, 2026<br>Time: 2:00 p.m<br>Courtroom: 2<br><br>Complaint Filed:   March 5, 2026<br>Removal Date:     May 11, 2026<br>Trial Date:          Not Set |

*(Left margin, vertical):* **LAWYERS *for* JUSTICE, PC**  450 North Brand Boulevard, Suite 900  Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **August 20, 2026** at **2:00 p.m.**, or as soon thereafter as may be heard in Courtroom 2 of the United States District Court for the Eastern District of California – Robert T. Matsui United States Courthouse located at 501 I Street, Sacramento, CA 95814, Plaintiff Richard Miller ("Plaintiff") will and hereby does move for an order remanding this action to the Superior Court for the County of El Dorado.

Plaintiff moves for remand pursuant to 28 U.S.C. § 1447 on the ground that this Court does not have jurisdiction over this action. Defendant Hawthorn Senior Living, LLC ("Defendant") removed this action from state court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, asserting jurisdiction under the Class Action Fairness Act of 2005, codified at 28 U.S.C § 1332(d) ("CAFA"). Defendant has failed to prove by a preponderance of the evidence the total amount in controversy exceeds $5,000,000 as required to establish jurisdiction under CAFA. Therefore, Plaintiff seeks to remand this action to the Superior Court for the County of El Dorado, where this case was originally filed and where it rightfully belongs.

This motion is made following counsel for Plaintiff meeting and conferring with Defendant's counsel, which took place on June 3, 2026 pursuant to the Court's Standing Order. (Declaration of Nareh Derhartounian in Support of Plaintiff's Motion to Remand ["Derhartounian Decl."], ¶¶ 2-3; filed contemporaneously with this motion).

Plaintiff's Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Nareh Derhartounian, any documents Plaintiff may subsequently file, all other pleadings and papers on file in this action, and any oral argument or other matter that may be considered by the Court.

Dated:  June 10, 2026

**LAWYERS *for* JUSTICE, PC**

By:    */s/ Nareh Derhartounian*

Brittany Shaw Carter
Nareh Derhartounian
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................... 1

II.  STATEMENT OF FACTS ....................................................................................... 2

III. LEGAL STANDARD............................................................................................... 2

   A.  The Ninth Circuit Applies a Strong Presumption Against Removal. .................... 2

   B.  The Ninth Circuit Requires a Removing Party to Demonstrate Removal by a Preponderance Standard............................................................................... 3

   C.  Only the Complaint and Summary Judgment Type Evidence May Be Used to Prove the Amount in Controversy. .................................................................. 3

IV.  ARGUMENT............................................................................................................ 4

   A.  CAFA Jurisdiction Does Not Exist Because Defendant Fails to Establish that the Amount in Controversy Exceeds $5,000,000. .......................................... 4

      1.  *Defendant Fails to Provide Any Competent Evidence — Including the Declaration Required by Its Own Authority — to Establish the Amount in Controversy.* ...................................................................... 4

      2.  *Defendant's Calculations for Unpaid Meal and Rest Period Premiums are Unreasonable.* ....................................................................... 7

      3.  *Defendant's Unpaid Minimum Wages Assumption is Unsupported by Evidence.* ............................................................................................ 9

      4.  *Defendant's Calculation of Waiting Time Penalties Is Inflated and Unsupported.*.......................................................................................... 10

      5.  *Defendant's Untimely Payment of Wages is Unsubstantiated.*.................. 12

      6.  *Defendant's Calculation for Wage Statement Violations is Improper and Unsubstantiated.* ................................................................... 14

      7.  *Defendant's Calculation of Attorneys Fees Are Not Grounded in Law.*........................................................................................................ 15

   B.  Defendant's Notice of Removal: A Claim-by-Claim Accounting of the Evidentiary Failure............................................................................................. 17

   C.  Defendant Cannot Utilize the Remaining Four Unaddressed Claims to Meet the Amount In Controversy Requirement................................................... 20

V.   CONCLUSION....................................................................................................... 20

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

ii

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

## TABLE OF AUTHORITIES

**Cases**

*Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) .................................................. 3

*Arias v. Residence Inn by Marriot*, 936 F.3d 920 (9th Cir. 2019).................................................. 8

*Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988) ............................................................................... 2

*Brown v. Janus of Santa Cruz*, No. 21-cv-00094-BLF, 2021 WL 3413349 (N.D. Cal. Aug. 5, 2021) ...................................................................................................................................... 12, 13

*Brown v. United Airlines, Inc.*, No. 19CV537-MMA (JLB), 2019 WL 2952299 (S.D. Cal. July 9, 2019) ................................................................................................................................................ 12

*Bryant v. NCR Corp.*, 284 F. Supp.3d 1147, 1150 (S.D. Cal. 2018) ............................................. 6

*Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx) 2016 WL 2593912 (C.D. Cal. May 5, 2016) ...................................................................................................................................... 6, 18

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) ................................................ 3

*Chin v. Cole Haan, LLC*, No. 16-CV-02154-JD, 2016 WL 7211841 (N.D. Cal. Dec. 13, 2016) 12, 13, 19

*Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. Feb. 10, 1998) ............................................................................................................................................ 4

*Contreras v. J.R. Simplot Co.*, No. 2:17-cv-00585-KJM-EFB, 2017 WL 4457228 (E.D. Cal. Oct. 6, 2017) ......................................................................................................................................... 7

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) ................................ 3

*Dobbs v. Wood Group PSN, Inc*., 201 F.Supp.3d 1184 (E.D. Cal. 2016) .................... 4, 12, 13, 18

*Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141-CJC (FFMx), 2011 WL 499390 (C.D. Cal. Feb. 10, 2011) ....................................................................................................................................... 4

*Farley v. Dolgen Cal., LLC*, No. 2:16-cv-02501-KJM-EFB, 2017 WL 3406096 (E.D. Cal. Aug. 9, 2017) ......................................................................................................................................... 7

*Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207 (C.D. Cal. June 26, 2017) ....................................................................................................................................... 6

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018) ............................. 15, 19

*Gant v. ALDI, Inc.*, No. LA CV19-03109 JAK (PLAx), 2020 WL 1329909, at *3 (C.D. Cal. Mar. 20, 2020) ....................................................................................................................................... 6

*Garibay v. Archstone Communities, LLC*, 539 Fed. Appx. 763 (9th Cir. 2013) ......................... 11

*Garza v. WinCo Holding, Inc.*, No. 1:20-cv-01354-JLT-HBK, 2022 WL 902782 (E.D. Cal. Mar. 28, 2022) ....................................................................................................................................... 6

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ..................................................................... 2, 3

iii

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007) .......................................... 15

*Guijarro v. Healthcare Services Group, Inc.*, 2020 WL 1983872 (C.D. Cal. Apr. 24, 2020) ..... 10

*Gurzenski v. Delta Air Lines, Inc.*, No. 2:21-CV-05959, 2021 WL 5299250, at *5 (C.D. Cal. Nov. 12, 2021) ...................................................................................................................... 16

*Holcomb v. Weiser Security Services, Inc.*, 424 F. Supp. 3d 840 (C.D. Cal. 2019) ...................... 7

*Hughes v. Fosdick*, 106 F. Supp.3d, 1078, 1083 (N.D. Cal 2015) ............................................... 15

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015) ................................... passim

*Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989 (9th Cir. 2022) ................................. 6

*Lopez v. Advanced Drainage Systems, Inc.*, 777 F. Supp. 3d 1100 (N.D. Cal. 2025).................... 5

*Lopez v. Bio-Reference Laboratories, Inc.*, No. 2:21-cv-02063-KJM-DB, 2022 WL 1744993 (E.D. Cal. May 31, 2022).................................................................................................. 6, 17, 18

*Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) ......................................... 11

*Mix v. Allstate Ins. Co.*, No. CV 00-835 RCTX, 2000 WL 1449880, (C.D. Cal. Apr. 19, 2000) .. 4

*Oda v. Gucci America, Inc.*, Nos. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335 (C.D. Cal. Jan. 7, 2015) .......................................................................................................................... 6, 17

*Ramirez v. Carefusion Resources, LLC*, No. 18-cv-2852-BEN-MSB, 2019 WL 2897902 (S.D. Cal. July 5, 2019)......................................................................................................................... 6

*Ray v. Nordstrom, Inc.*, No. 2:1-cv-07277-JHN-CWx, 2011 WL 6148668 (C.D. Cal. Dec. 9, 2011) ............................................................................................................................................. 9

*Ray*, 2011 WL 6148668 at *3 ....................................................................................................... 17

*Ruby v. State Farm Gen. Ins. Co.*, No. C 10-02252 SI, 2010 WL 3069333 (N.D. Cal. Aug. 4, 2010) ............................................................................................................................................. 9

*Rutledge v. Healthport Techs., LLC*, No. 16-cv-06920-VC, 2017 WL 728375 (N.D. Cal. Feb. 24, 2017) ........................................................................................................................................... 10

*Salter v. Quality Carriers*, 974 F.3d 959 (9th Cir. Sep. 8, 2020) .................................................. 3

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)................................... 3, 6, 18

*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997)................................. 4, 14

*Smith v. Diamond Resorts Mgmt.*, No. EDCV 15-2477-VAP (SPx), 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) .......................................................................................................... 9, 17

*Stanley v. Distribution Alternatives, Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822 (C.D. Cal. Dec. 7, 2017) ................................................................................................................ 6

*Tajonar v. Echosphere, LLC*, No. 14cv2732-LAB (RBB), 2015 WL 4064642 (S.D. Cal. July 2, 2015) ...................................................................................................................................... 6, 18

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

iv

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) .................................... 3

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) ............................................................. 3

*Vargas v. Airport Terminal Servs., Inc.*, No. CV 19-10069 PA (RAOx), 2020 WL 614892 (C.D. Cal. Feb. 7, 2020) ............................................................................................................................. 7

*Vasquez v. RSI Home Products, Inc.*, No. 8:20-cv-01494-JWH-JDEx, 2020 WL 6778772 (C.D. Cal. Nov. 12, 2020) .......................................................................................................................... 6

*Vikram v. First Student Management, LLC*, No. 17-cv-04656-KAW, 2017 WL 4457575 (N.D. Cal. Oct. 6, 2017) ........................................................................................................................ 7, 19

*Villa v. Xanitos, Inc*., 2022 WL 1720357 (C.D. Cal. May 26, 2022) ........................................... 10

*Weston v. Helmerich & Payne Int'l Drilling Co.*, No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283 (E.D. Cal. Sep. 17, 2013) ................................................................................... passim

*Wheatley v. MasterBrands Cabinets, LLC*, No. EDCS 18-2127 JGB (SPx), 2019 WL 688209, (C.D. Cal. Feb. 19, 2019) ............................................................................................................ 6

**Treatises**

*Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial* § 2:1630 (2024) ........ 20

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Hawthorn Senior Living, LLC ("Defendant") removed this action from El Dorado County Superior Court asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Removal fails because Defendant cannot establish, and has made no attempt to establish, that the amount in controversy exceeds the $5,000,000 jurisdictional threshold by a preponderance of the evidence.

Defendant's Notice of Removal rests entirely on figures asserted by counsel: that putative class members worked approximately 29,268 workweeks during the class period; that the average hourly rate across the entire class was $18.36; that 551 employees separated from employment within the limitations period; and that class members incurred two meal period and two rest period violations per workweek, one hour of unpaid minimum wages per workweek, and a 100% violation rate for wage statement, untimely payment, and waiting time penalty claims. (Dkt. No. 1, ¶¶ 24–48.) Not one of these figures is traced to a declaration, payroll record, time study, or any other competent evidence. Defendant itself concedes that Plaintiff's Complaint does not allege the frequency of any violation. (Dkt. No. 1, ¶¶ 23, 29, 33.) Every dollar of the claimed $8,068,891.98 in controversy is therefore built on a foundation of unsupported assumption.

The Ninth Circuit is unequivocal: a removing defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). When the amount in controversy is contested, the defendant must support its showing with summary-judgment-type evidence. *Id.* Defendant has provided none. Compounding this failure, every case Defendant cites to justify its assumed violation rates was decided on a record that included a supporting declaration from a knowledgeable company employee attesting to the underlying workforce data, a foundation Defendant conspicuously omitted here.

Because Defendant has failed to carry its burden, Plaintiff Richard Miller ("Plaintiff") respectfully requests that this Court remand this action to the Superior Court of California, County of El Dorado, where it was properly filed.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II.    STATEMENT OF FACTS

On March 5, 2026, Plaintiff filed this action in the El Dorado Superior Court. (Dkt. No. 1-1, Exh. A). Plaintiff's Initial Complaint contains ten causes of action for: (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of California Labor Code § 226.7 (unpaid rest period premiums); (4) violation of California Labor Code §§ 1194, 1197, and 1197.1. (unpaid minimum wages); (5) violation of California Labor Code §§ 201 and 202 (final wages not timely paid); (6) violation of California Labor Code § 204 (wages not timely paid during employment); (7) violation of California Labor Code § 226(a) (non-compliant wage statements); (8) Violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (9) violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses); and (10) violation of California Business & Professions Code §§ 17200. (*Id*.)

Plaintiff seeks to certify the following class: All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from March 5, 2022 to present. (*Id.*)

On May 11, 2026, Defendant filed its Notice of Removal. (Dkt. No. 1). On June 3, 2026, Plaintiff sent a meet and confer correspondence to Defendant's counsel explaining the deficiencies in Defendant's Notice of Removal and requested Defendant to advise whether they would stipulate to remand the case. (Derhartounian Decl. ¶ 2) On June 3, 2026, Defendant's counsel responded to Plaintiff's correspondence disagreeing with Plaintiff's contentions, concluding "Plaintiff has no basis to move to remand […]."*Id*. at ¶ 3 . As the parties were unable to come to an agreement as to the validity of the Defendant's removal, Plaintiff proceeds with filing his Motion to Remand. *Id.* at¶ 2.

## III.    LEGAL STANDARD

### A.    The Ninth Circuit Applies a Strong Presumption Against Removal.

The Ninth Circuit strictly construes removal rejecting federal jurisdiction if there is doubt as to the validity of the removal itself. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Northwestern Nat'l Life*

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566.

**B.**     **The Ninth Circuit Requires a Removing Party to Demonstrate Removal by a Preponderance Standard.**

The burden of establishing federal jurisdiction for purposes of removal is borne by the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Ninth Circuit precedent requires that a defendant removing pursuant to CAFA must provide facts supporting federal jurisdiction by a preponderance of the evidence relying on summary-judgment-type evidence. *Ibarra.*, 775 F.3d at 1197;*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). As confirmed by both *Ibarra* and *Dart Cherokee*, evidence establishing the amount in controversy is required when the assertion is contested. *Ibarra*, 775 F.3d at 1197 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)). When contested, as is precisely the case here, a removing must provide evidence establishing it is "more likely than not" the amount in controversy requirement has been exceeded. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

To establish subject matter jurisdiction, the defendant's burden is not only "to put forward evidence showing that the amount in controversy exceeds $5 million," but also "to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*., 775 F.3d at 1197. Thus, a removing party "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id*. Defendant's Notice of Removal presents estimated employment figures, but Defendant's calculations cannot be deemed reasonable as Defendant cannot point to the source of its information. A defendant's showing that the amount in controversy is satisfied for the purposes of removal is insufficient where a Plaintiff makes a factual or facial challenge to removal, absent extrinsic evidence of the same. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963–64 (9th Cir. 2020). As reflected here, Defendant's Notice of Removal is insufficient, as no evidence verifying Defendant's calculations has been provided.

**C.**     **Only the Complaint and Summary Judgment Type Evidence May Be Used to**

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

**Prove the Amount in Controversy.**

Removal "cannot be based simply upon conclusory allegations." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Defendant has provided conclusive figures in their Notice of Removal; however, Defendant has not substantiated the figures in which it bases its removal. When the amount in controversy is not apparent from the face of the complaint, as seen here, the district court can require the parties "to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id.* As Defendant has acknowledged, Plaintiff's complaint does not provide precise frequencies or calculations as to violations. (Dkt. No. 1, ¶¶ 23, 29). In such cases, "the removing defendant must supply "real evidence" grounding its calculations [...]." *Dobbs v. Wood Group PSN, Inc.*, 201 F.Supp.3d 1184, 1188 (E.D. Cal. 2016) (citing *Ibarra*, 775 F.3d at 1199). Defendant has failed to do so.

A defendant "may rely on calculations to satisfy their burden so long as their calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141-CJC (FFMx), 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011). It is well-settled in the Ninth Circuit that "[a] speculative argument regarding the potential value of the award is insufficient." *Mix v. Allstate Ins. Co.*, No. CV 00-835 RCTX, 2000 WL 1449880, at *1 (C.D. Cal. Apr. 19, 2000) (quoting *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998)). Given Defendant's Notice of Removal does not cite to a singular record, such as a declaration or employment file, Defendant's argument cannot reasonably be viewed as anything other than speculative.

**IV.    ARGUMENT**

    **A.    CAFA Jurisdiction Does Not Exist Because Defendant Fails to Establish that the Amount in Controversy Exceeds $5,000,000.**

        1.    *Defendant Fails to Provide Any Competent Evidence — Including the Declaration Required by Its Own Authority — to Establish the Amount in Controversy.*

Defendant fails to provide <u>any</u> evidence supporting the number of putative class

4

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

members, the number of workweeks or work days worked by putative class members, or putative class members' average or actual pay rates. The only support Defendant offers consists of unsupported allegations and assumptions set forth in its Notice of Removal. Defendant's claim that the amount in controversy exceeds $5,000,000 is wholly insufficient. Defendant's Removal conclusively asserts, with respect to meal and rest period violations, that putative class members worked approximately 29,268 workweeks between March 5, 2022 and the filing of the Notice of Removal. (Dkt. No. 1, ¶¶ 24, 30). Defendant likewise applies an "average hourly rate" of $18.36 throughout its calculations. (Dkt. No. 1, ¶¶ 24-41). Yet Defendant provides no declaration, business records, payroll data, paystubs, or other competent evidence supporting these figures. Nor does Defendant explain what records, if any, were reviewed, how the figures were derived, or the basis for the calculations underlying its amount in controversy estimates. Absent any evidentiary foundation, Defendant's figures amount to nothing more than unsupported and conclusory assertions. Accordingly, Defendant has failed to satisfy its burden of establishing the amount in controversy by a preponderance of the evidence.

Given the context of this jurisdictional dispute, Defendant must produce factual evidence supporting the amount in controversy. *See Weston v. Helmerich & Payne Int'l Drilling Co.*, No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *6 (E.D. Cal. Sep. 17, 2013) (holding that, though Defendant is not obligated to prove Plaintiff's case, "there are methods of determining a reasoned basis for the calculations"). Defendant's failure to provide such evidence is particularly notable given that Defendant, as the employer, has ready access to the facts, records, and information necessary to support its calculations. *See Lopez v. Advanced Drainage Systems, Inc.*, 777 F. Supp. 3d 1100, 1107 (N.D. Cal. 2025) ("Advanced Drainage Systems' failure to provide any reasonable basis for its calculation is particularly notable given that it is the party best positioned to determine how many shifts would require compensation at the overtime or minimum wage rate.").

In such circumstances, the Court may assign a "$0 value" to a claim when a "defendant provide[s] no evidence or clearly inadequate evidence supporting its valuation" of that claim. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022). Here, because

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant provides no declaration, records, or other competent evidence establishing the source of its calculations, the Court should assign no value to Defendant's unsupported estimates.

The absence of a declaration is not a technical oversight; it is fatal under Defendant's own cited authority. Every case Defendant invokes to justify its assumed violation rates was decided in a factual posture that included exactly the kind of evidence Defendant has withheld here. In *Oda v. Gucci America, Inc.*, the defendant's Notice of Removal included a declaration of a Senior Human Resources Project Manager outlining relevant time periods, the number of non-exempt employees, average pay, and average workweeks. *Oda v. Gucci America, Inc.*, Nos. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *3 (C.D. Cal. Jan. 7, 2015). In *Lopez v. Bio-Reference Laboratories, Inc.*, the defendant's amount in controversy calculation relied on the declaration of a Senior Director of Human Resources Operations and Payroll, which attested to the size of the putative class and average hourly wage, among other "relevant metrics." *Lopez v. Bio-Reference Laboratories, Inc.*, No. 2:21-cv-02063-KJM-DB, 2022 WL 1744993, at *2 (E.D. Cal. May 31, 2022) (referred to as "*Lopez*"). The same is true of *Wheatley v. MasterBrands Cabinets, LLC*, No. EDCS 18-2127 JGB (SPx), 2019 WL 688209, at *2 (C.D. Cal. Feb. 19, 2019); *Bryant v. NCR Corp.*, 284 F. Supp.3d 1147, 1150 (S.D. Cal. 2018); *Garza v. WinCo Holding, Inc.*, No. 1:20-cv-01354-JLT-HBK, 2022 WL 902782, at *2 (E.D. Cal. Mar. 28, 2022); *Gant v. ALDI, Inc.*, No. LA CV19-03109 JAK (PLAx), 2020 WL 1329909, at *3 (C.D. Cal. Mar. 20, 2020); *Stanley v. Distribution Alternatives, Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017); *Tajonar v. Echosphere, LLC*, No. 14cv2732-LAB (RBB), 2015 WL 4064642, at *2 (S.D. Cal. July 2, 2015); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx) 2016 WL 2593912, at *1 (C.D. Cal. May 5, 2016); *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *3 (C.D. Cal. June 26, 2017); *Sanchez v. Abbott Laboratories*, No. 2:20-cv-01436-TLN-AC, 2021 WL 2679057, at *2 (E.D. Cal. June 30, 2021); *Vasquez v. RSI Home Products, Inc.*, No. 8:20-cv-01494-JWH-JDEx, 2020 WL 6778772, at *3 (C.D. Cal. Nov. 12, 2020); *Ramirez v. Carefusion Resources, LLC*, No. 18-cv-2852-BEN-MSB, 2019 WL 2897902, at *4 (S.D. Cal. July 5, 2019); *Vikram v. First Student Management, LLC*, No. 17-cv-04656-KAW, 2017 WL 4457575, at *3 (N.D. Cal. Oct. 6, 2017)

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

— each and every one of Defendant's cited cases involved a supporting declaration from a knowledgeable company employee attesting to the underlying workforce data. Defendant asks this Court to find its assumed violation rates "conservative and reasonable" under cases that uniformly required what Defendant has uniformly refused to provide. Defendant's own authority thus confirms that a supporting declaration is not a formality; it is a prerequisite.

Moreover, even if Defendant were to submit a declaration at this stage, such a belated submission cannot cure the deficiencies in the Notice of Removal, and a bare-bones declaration would be insufficient in any event. *See Farley v. Dolgen Cal., LLC*, No. 2:16-cv-02501-KJM-EFB, 2017 WL 3406096, at *3 (E.D. Cal. Aug. 9, 2017) ("Without corroborating documents, Cheesman's declaration, on which defendant heavily relies, is speculative and self-serving."); *Vargas v. Airport Terminal Servs., Inc.*, No. CV 19-10069 PA (RAOx), 2020 WL 614892, at *4 (C.D. Cal. Feb. 7, 2020) (citing *Contreras v. J.R. Simplot Co.*, No. 2:17-cv-00585-KJM-EFB, 2017 WL 4457228, at *3 (E.D. Cal. Oct. 6, 2017)) (a "defendant's amount in controversy calculation is unjustified where the only evidence the defendant provides is 'a declaration by [its] supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages.'"); *Holcomb v. Weiser Security Services, Inc.*, 424 F. Supp. 3d 840, 846 (C.D. Cal. 2019) (noting declarations which do not include "the lengths of shifts, employees' part-time or full-time status, or frequency of violations that may have occurred" provide no support for estimated violation rates). The absence of a declaration in Defendant's Notice of Removal is therefore dispositive: without it, Defendant has no pathway to establishing its foundational figures — class size, workweeks, average pay, and separation counts — by a preponderance of the evidence, and every damages calculation built upon those figures must fail with it.

2.    *Defendant's Calculations for Unpaid Meal and Rest Period Premiums are Unreasonable.*

Defendant estimates that the amount in controversy for meal period violations is $576,797.76 total ($18.36 Average Hourly Rate x [40 percent x 78,540 over 5 hours). (Dkt. No. 1, ¶ 24). Defendant then estimates the amount in controversy for rest period violations is $636,

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

7

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

401.66 ($18.36 Average Hourly Rate x [40 percent x 86,656 shifts over 3.5 hours]). (Dkt. No. 1, ¶ 30). Defendant assumes "two meal period violations per putative class member per workweek" (Dkt. No. 1, ¶ 24). Similarly, Defendant assumes "two rest period violations per putative class member per workweek." (Dkt. No. 1, ¶ 30).

Again, Defendant provides no supporting documentation to prove to the Court and Plaintiff that such an assumption is reasonable and/or an accurate representation of employees' typical meal and rest period violations. Defendant provides no reasonable explanation for assuming that each putative class member experienced two meal and rest period violations per workweek. While Plaintiff's operative complaint does not specify the amount of meal and rest period violations experienced, Defendant fails to explain or put forth any evidence to support its estimate is reasonable.

Defendant does not cite to a declaration or any documentary evidence (such as work schedules, timecards, wage records, or complaints from an employee hotline) to establish the propriety of their estimate. As stated above, no actual figures or corroborating evidence is provided by Defendant. Defendant's assumptions used to calculate the amount in controversy must contain "some reasonable ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1199). Here, Defendant assumes that every putative class member since March 5, 2022 experienced a rate of two meal period and two rest period violations per workweek. Defendant's assumptions are based on a speculative estimate of approximate work weeks that does not account for part-time vs. full-time employees. Thus, Defendant's representations as to the amounts in controversy for meal and rest break premium pay are pure speculation and must be rejected. *See Ibarra*, 775 F.3d at 1199 (finding that "a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them.").

Courts in similar circumstances have found that an assumption of one meal and one rest period violation per week is too speculative when unsupported by any evidence. *See e.g., Weston*, 2013 WL 5274283, at *6—7 (holding Defendant failed to provide a factual

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

underpinning to support the assumption of one meal and one rest period violations per week); *Smith v. Diamond Resorts Mgmt.*, No. EDCV 15-2477-VAP (SPx), 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) (rejecting the Defendant's assumed violation rate as Defendant failed to provide sufficient evidence such as specific shift length information; *Ray v. Nordstrom, Inc.*, No. 2:1-cv-07277-JHN-CWx, 2011 WL 6148668, at *3 (C.D. Cal. Dec. 9, 2011) (holding a declaration including the average number of hours worked by hourly employees per day alone is not sufficient to support a calculation of one missed meal period and rest period each pay period); *Ruby v. State Farm Gen. Ins. Co.*, No. C 10-02252 SI, 2010 WL 3069333, at *4–5 (N.D. Cal. Aug. 4, 2010) (rejecting Defendant's assumption of one meal period violations and one rest period violation as Plaintiff's Complaint only stated putative class members missed "some breaks, without providing any frequency"). Here, Defendant bases their Removal on violation rates beyond the once-a-week rate that other courts have disregarded when supported by further evidence than Defendant has provided in its own Notice of Removal. Defendant has not provided sufficient support attesting to the figures used in Defendant's calculations and assumptions. Accordingly, Defendant's meal and rest period calculations should be disregarded.

3.      *Defendant's Unpaid Minimum Wages Assumption is Unsupported by Evidence.*

Defendant estimates that the amount in controversy for unpaid minimum wage claims is $1,074,720.96 ((29, 268 Workweeks x 60 minutes x Average Minimum Wage During Class Period ($18.36) + (Liquidated Damages in Equivalent Amount)). (Dkt. No. 1, ¶ 34). This calculation is based on the unsupported assumption that each putative class member incurred one hour of unpaid minimum wages every workweek. Defendant offers no evidence supporting this assumption. Nowhere in the Complaint does Plaintiff allege that he and all other putative class members suffered unpaid minimum wage violations in every workweek. Nor does the Notice of Removal provide any evidentiary basis to conclude that every putative class member experienced approximately one hour of unpaid minimum wages each week.

Defendant principally relies on the Complaint's general allegations and Plaintiff's failure to plead a specific violation rate. However, the "pattern and practice" language relied upon by

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

Defendant is not sufficient to support its assumption. Courts in similar circumstances have found that blanket assumptions about unpaid wages by employees were too speculative when not supported by any evidence. *See Rutledge v. Healthport Techs., LLC*, No. 16-cv-06920-VC, 2017 WL 728375, *2 (N.D. Cal. Feb. 24, 2017) ("The allegation of a policy and practice may make the assumption of violations against all class members reasonable. It does not shed light, though, on the frequency of the violations."); *Villa v. Xanitos, Inc.*, No. CV22-2991 PA (Ex), 2022 WL 1720357, at *2–3 (C.D. Cal. May 26, 2022) (holding defendant failed to supply any evidence to support their violation rates as a 'pattern and practice' does not "automatically make violation frequency assumptions reasonable"); *Guijarro v. Healthcare Services Group, Inc.*, No. 5:20-cv-00324-VAP-AFMx, 2020 WL 1983872, at *5–6 (C.D. Cal. Apr. 24, 2020) (rejecting defendant's assumption of half an hour of unpaid wages per workweek because it was solely based only on a declaration and no other supporting evidence); *Weston*, 2013 WL 5274283, at *4-6 (refusing the defendant's assumption that each employee experienced 5 minimum wage violations over the entire course of their employment).

Plaintiff's Complaint alleges only that "[…] Defendant[] failed to pay Plaintiff and the other class members at least minimum wages for all hours worked." (Dkt. No. 1-1, Exh. A, ¶ 39). The Complaint further states that "Plaintiff and the other class members are entitled to recover the unpaid <u>balance</u> of their minimum wage compensation…." (*Id.* at ¶ 79) (emphasis added). These allegations do not state that Plaintiff and the putative class members were deprived of minimum wages in every workweek, much less that they incurred approximately one hour of unpaid minimum wages per week. Accordingly, the Complaint does not support Defendant's assumption or its resulting amount in controversy calculation.

    4.    *Defendant's Calculation of Waiting Time Penalties Is Inflated and Unsupported.*

Defendant estimates that the amount in controversy for waiting time penalties is $1,819,843.20 (551 Separated Employees x 30 Days x 8 Hours x $18.36) (Dkt. No. 1, ¶ 41). Defendant alleges that 551 employees ended their employment with Defendant from March 5, 2023 to the time of filing their Notice of Removal. (*Id.*).

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

This single calculation accounts for $1,819,843.20 of the claimed amount in controversy (nearly one-quarter of the total) yet it rests on three unsupported assumptions stacked upon one another: that all 551 separated employees are members of the putative class, that every one of them was subject to a waiting time violation, and that every one of them went unpaid for the full 30-day maximum penalty period. Defendant provides no declaration, no termination records, no payroll data, and no evidence of any kind to support any of these inputs. A removing defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.The Court should not credit Defendant's maximum penalty calculation when Defendant has provided no evidence to support the number of employees subject to the claim, their hourly rates, the lengths of their shifts, or the number of days final wages were actually delayed.

Moreover, Defendant's maximum penalties approach to waiting time penalties was rejected by the Ninth Circuit in *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994 (9th Cir. 2007) (overruled on other grounds) and again in *Garibay v. Archstone Communities, LLC*, 539 Fed. App'x. 763 (9th Cir. 2013). In *Lowdermilk*, Oregon law permitted employees to recover a maximum of thirty days in penalty wages for an employer's failure to timely pay wages upon termination. *Lowdermilk*, 479 F.3d at 1000. The Court found that the defendant failed to meet its burden of proof that maximum penalties were appropriate, stating:[1]

> Defendant assumes that all class members would be entitled to the maximum damages . . . but provides no evidence to support this assertion. . . . Many employees may have been paid only a few days late and, consequently, would be entitled to fewer days of penalty wages. . . . Again, absent more concrete evidence, it is nearly impossible to estimate with any certainty the actual amount in controversy.

*Id*. at 1001.

The Court's reasoning is directly on point. Defendant here, like the defendant in *Lowdermilk*, provided only a headcount of separated employees and assumed the maximum penalty period without any evidence that final wages were actually delayed, let alone delayed by

---

[1] Even though the courts in *Lowdermilk* and *Garibay* applied a "legal certainty" standard, their reasoning is still applicable. *Lowdermilk*, 479 F.3d at 1002; *Garibay*, 539 Fed. App'x. at 764.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

the full thirty days. Many separated employees may have received their final wages timely, or after only a short delay, entitling them to fewer, or no, penalty days. Defendant has presented nothing to permit the Court to evaluate that question, and it bears the burden of proof.

Separately, Defendant's assumed violation rate of 100% is unreasonable as has been held by various Courts throughout the Ninth Circuit. *See Brown v. United Airlines, Inc.*, No. 19CV537-MMA (JLB), 2019 WL 2952299, at *5 (S.D. Cal. July 9, 2019) (holding Plaintiff's allegation she and the putative class did not receive full compensation supports the inference they received some compensation, thereby rendering the 100% violation rate utilized by Defendant as "unwarranted and speculative."); *see also Ibarra*, 775 F.3d at 1198-99 ("a 'pattern and practice' of doing something does not necessarily mean always doing something."); *see also Dobbs*, 201 F.Supp.3d at 1188—89 (E.D. Cal. 2016) (holding a general allegation of a "pattern and practice" of unlawful practices does not permit a defendant to assume a 100% violation rate for removal); *Brown v. Janus of Santa Cruz*, No. 21-cv-00094-BLF, 2021 WL 3413349, at *5 (N.D. Cal. Aug. 5, 2021) (holding an allegation of a "uniform" policy does not support the use of a 100% violation rate, rather that valuation is unreasonable); *Chin v. Cole Haan, LLC*, No. 16-CV-02154-JD, 2016 WL 7211841, at *2 (N.D. Cal. Dec. 13, 2016) (finding an allegation that defendant "engaged in a uniform policy" of wage abuse did not imply a 100% violation rate).

Because Defendant's waiting time penalty calculation rests on a headcount of separated employees with no supporting evidence, a 100% violation rate that is both unsupported and inconsistent with Ninth Circuit authority, and an assumption of the maximum penalty period for every employee, it should be disregarded in its entirety. Stripped of this calculation alone, Defendant's claimed amount in controversy falls by nearly $1.82 million, well below the $5,000,000 threshold even before the Court addresses the remaining deficiencies.

5. *Defendant's Untimely Payment of Wages is Unsubstantiated.*

12

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

Defendant estimates the amount in controversy for untimely payment of wages during employment at $1,560,800, calculated as 15,608 pay periods multiplied by a $100 penalty per pay period for initial violations only. (Dkt. No. 1, ¶ 44.) This calculation suffers from two independent and compounding deficiencies: an unsupported 100% violation rate, and a penalty structure that ignores the statute's own graduated framework in a manner that further inflates the figure.

On the violation rate, Defendant's 100% assumption means it is asserting, without any evidence, that every single wage payment issued to every single class member throughout the entire class period was untimely. Plaintiff's Complaint alleges a "pattern and practice" of untimely wage payments; it does not allege that every wage payment was late, or that any particular employee never received timely pay. The Ninth Circuit has squarely addressed this distinction: a "'pattern and practice' of doing something does not necessarily mean always doing something." *Ibarra*, 775 F.3d at 1199.Courts throughout this Circuit have applied this principle consistently to reject 100% violation rates built on identical "pattern and practice" allegations. *See Dobbs,* 201 F. Supp.3d  at 1188–89 (holding a general allegation of a "pattern and practice" does not permit a defendant to assume a 100% violation rate for removal purposes); *Brown*, 2021 WL 3413349, at *5 (holding an allegation of a "uniform" policy does not support a 100% violation rate); *Chin,* 2016 WL 7211841, at *2 (allegation that defendant "engaged in a uniform policy" of wage abuse did not imply a 100% violation rate). Defendant provides no declaration, no sampling of payroll records, and no case-specific analysis to support its assumption that the violation rate for this claim (or any claim) was 100%. The assumption is not conservative; it is the theoretical maximum, and it is unsupported.

The calculation is further inflated by Defendant's selective application of the penalty structure. Defendant applies only the $100 initial violation penalty to all 15,608 pay periods. (Dkt. No. 1, ¶ 44.) But if Defendant genuinely believed a 100% violation rate was appropriate, meaning every pay period throughout the class period involved a late payment, then the majority of those violations would be *subsequent* violations subject to a $200 penalty, not initial violations at $100. Defendant cannot simultaneously assume that every pay period was a

13

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

violation for purposes of inflating the violation rate while assuming that every violation was an initial one for purposes of minimizing the penalty rate. The two assumptions are irreconcilable, and their combination, a 100% rate applied only at the lower penalty tier, is not a reasonable or good-faith estimate of the amount in controversy. It is an internally contradictory calculation designed to hit a jurisdictional target rather than reflect the actual stakes of the litigation.

Because Defendant's untimely wage payment calculation rests on a violation rate unsupported by any evidence and a penalty structure that is internally inconsistent, it should be disregarded in its entirety.

> 6.      *Defendant's Calculation for Wage Statement Violations is Improper and Unsubstantiated.*

Defendant estimates the amount in controversy for wage statement violations at $786,550.00, calculated using a $50 penalty for each initial violation and $100 for each subsequent violation, capped at $4,000 per employee. (Dkt. No. 1, ¶ 48.) Like every other calculation in the Notice of Removal, this figure rests on a 100% violation rate, the assertion that every single wage statement issued to every single class member throughout the entire class period was noncompliant. Defendant offers no evidence to support this assumption: no declaration, no sample wage statements, no audit of payroll records, and no explanation of what specific deficiency allegedly rendered every statement defective.

The evidentiary deficiency alone is fatal. A removing defendant must submit "summary-judgment-type evidence" to establish that maximum penalties are appropriate. *See Singer,* 116 F.3d at 376. Conclusory assumptions untethered to any record evidence do not satisfy that standard. *Ibarra*, 775 F.3d at 1197. Defendant does not identify what information was purportedly missing from the wage statements, how it determined that every statement was deficient, or what records, if any, it reviewed before asserting a 100% violation rate. Without this foundation, the $786,550.00 figure is speculation, not evidence.

The calculation is also internally inconsistent in the same manner as Defendant's untimely wage payment estimate. To reach $786,550.00, Defendant necessarily assumes that the $4,000 per-employee cap was reached for a substantial portion of the class, which requires a high

14

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

volume of *subsequent* violations per employee. But Defendant makes no attempt to establish how many pay periods any given employee worked, whether any employee actually accumulated enough violations to approach the cap, or what distribution of initial versus subsequent violations is reflected in the total. The arithmetic is presented as a conclusion, with none of the inputs verified. That is not the preponderance standard; it is the absence of one.

Because Defendant's wage statement penalty calculation rests on an unsupported 100% violation rate, no competent evidentiary foundation, and an internally unverified penalty structure, it should be disregarded in its entirety.

7.     *Defendant's Calculation of Attorneys Fees Are Not Grounded in Law.*

Defendant concludes that if Plaintiff is successful in proving damages of $6,455,113.58 Plaintiff's counsel will be awarded $1,613,778.40 in attorneys' fees. (Dkt. No. 1, ¶ 52). To calculate the value, "the Court considers the amount of attorneys' fees the plaintiff could reasonably be awarded." *Hughes v. Fosdick*, 106 F. Supp.3d, 1078, 1083 (N.D. Cal 2015) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)). Attorneys' fees are not a rounding error in Defendant's calculation. Rather, they account for more than $1.6 million of the claimed amount in controversy, and Defendant's methodology for estimating them is independently deficient for multiple reasons.

First, Defendant's mechanical application of the 25% benchmark fails under binding Ninth Circuit authority. The  Ninth Circuit held that "the defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence; [courts] may not relieve the defendant of its evidentiary burden by adopting a per se rule for one element of the amount at stake in the underlying litigation." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018).  The court's holding is unambiguous: there is no shortcut. A removing defendant cannot satisfy its burden simply by selecting a benchmark percentage and multiplying. It must present evidence demonstrating that the projected fee award is reasonable and grounded in the specific facts of the case, including the complexity of the litigation, the number of class members, the anticipated duration of the proceedings, and counsel's billing rates and hours. Defendant has presented none of this. Its attorneys' fees estimate consists of a single

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

15

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

mathematical operation ($6,455,113.58 multiplied by 0.25) with no supporting declaration, no billing records, no comparable fee awards, and no case-specific analysis of any kind. This is precisely the "per se rule" that *Fritsch* prohibits.

Second, even setting aside the evidentiary failure, the 25% common fund benchmark is structurally ill-suited to the removal context in wage and hour cases. The benchmark was developed for purposes of approving class action settlements, where a common fund has already been established and the court is tasked with awarding a reasonable percentage to class counsel. Applying it prospectively to estimate the amount in controversy at the removal stage imports an inherently post-hoc metric into a context it was never designed to serve. Courts have recognized this mismatch. In *Gurzenski v. Delta Air Lines, Inc.*, the court cautioned that applying the 25% benchmark in wage and hour removal cases may "substantially overestimate the attorneys' fees recoverable under the fee-shifting statutes," because fee-shifting statutes, unlike common fund recoveries, tie the fee award to reasonable hours multiplied by a reasonable rate, not to a percentage of damages. *Gurzenski v. Delta Air Lines, Inc.*, No. 2:21-CV-05959, 2021 WL 5299250, at *5 (C.D. Cal. Nov. 12, 2021). In a case like this one, where Plaintiff's statutory fee entitlements are governed by fee-shifting provisions rather than a negotiated common fund, the 25% figure has no meaningful anchor to what fees would actually be awarded.

Third, and most fundamentally, Defendant's attorneys' fees calculation inherits every flaw of the damages calculation on which it rests. As demonstrated throughout this motion, the $6,455,113.58 base figure is itself the product of stacked, unsupported assumptions: assumed violation rates unsupported by any declaration or payroll data, a 100% waiting time penalty rate applied to all 551 separated employees at the maximum 30-day period, and a 100% wage statement violation rate applied to every pay period in the class. Each of these inputs is speculative. A speculative percentage of a speculative base does not become reliable merely because the arithmetic is accurate. If this Court reduces any one of the underlying damages figures to reflect a reasonable, evidence-based violation rate, as it should, the attorneys' fees estimate falls proportionally. Defendant cannot launder inflated damages into a credible fee estimate simply by multiplying them by a benchmark percentage. Because both the base and the

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

16

multiplier are unsupported, Defendant's attorneys' fees calculation contributes nothing of evidentiary value to the amount in controversy analysis and should be disregarded accordingly.

**B.     Defendant's Notice of Removal: A Claim-by-Claim Accounting of the Evidentiary Failure**

The deficiencies identified above are not limited to any single calculation, they pervade every damages figure in Defendant's Notice of Removal. The following table summarizes each of Defendant's six damages calculations, the violation rate assumed in each, the evidentiary foundation present in every case Defendant cites to justify those rates, and the authority holding that comparable or lower rates have been rejected even where evidentiary support was provided:

| Claim | Defendant's Figure | Violation Rate Assumed | What Defendant's Own Cases Required | Courts Rejecting This Rate or Lower, Even With a Declaration |
|---|---|---|---|---|
| Meal Period Premiums | $576,797.76 | 2 per workweek (40% of shifts) | Declaration of SR. HR Manager attesting to class size, pay, and workweeks. *Oda*, 2015 WL 93335 at *3; *Lopez*, 2022 WL 1744993 at *2 | *Weston*, 2013 WL 5274283 at *6–7 (1/week rejected without evidence); *Ray*, 2011 WL 6148668 at *3 (declaration of avg. hours alone insufficient) |
| Rest Period Premiums | $636,401.66 | 2 per workweek (40% of shifts) | Declaration of SR. HR Manager attesting to class size, pay, and workweeks. *Oda*, 2015 WL 93335 at *3; *Lopez*, 2022 WL 1744993 at *2 | *Weston*, 2013 WL 5274283 at *6–7 (1/week rejected without evidence); *Smith*, 2016 WL 356020 at *3 (rate rejected without shift-length evidence) |

17
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

| Claim | Defendant's Figure | Violation Rate Assumed | What Defendant's Own Cases Required | Courts Rejecting This Rate or Lower, Even With a Declaration |
|---|---|---|---|---|
| Unpaid Minimum Wages | $1,074,720.96 | 1 hour per workweek | Declaration of SR. Director of HR Operations attesting to putative class size and avg. hourly wage. *Lopez*, 2022 WL 1744993 at *2 | *Guijarro*, 2020 WL 1983872 at *5–6 (0.5 hrs/week rejected even with declaration); *Weston*, 2013 WL 5274283 at *4–6 (5 total violations rejected) |
| Waiting Time Penalties | $1,819,843.20 | 100% of separated employees, 30-day max | Declaration identifying separated employees and pay rates. *Byrd*, 2016 WL 2593912 at *1; *Tajonar*, 2015 WL 4064642 at *2 | *Lowdermilk*, 479 F.3d at 1000–01 (maximum penalty rate rejected absent supporting evidence); *Garibay*, 539 Fed. App'x at 763 (same) |
| Untimely Wage Payment | $1,560,800.00 | 100% of pay periods | Declaration attesting to number of pay periods and violation rate basis. *Sanchez*, 2021 WL 2679057 at *2 | *Dobbs*, 201 F. Supp. 3d at 1188–89 ("pattern and practice" does not permit 100% rate); *Brown v. Janus*, 2021 WL 3413349 at *5 (uniform policy allegation insufficient) |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

| Claim | Defendant's Figure | Violation Rate Assumed | What Defendant's Own Cases Required | Courts Rejecting This Rate or Lower, Even With a Declaration |
|---|---|---|---|---|
| Wage Statement Penalties | $786,550.00 | 100% of wage statements | Declaration attesting to pay periods and wage statement practices. *Vikram*, 2017 WL 4457575 at *3 | *Ibarra*, 775 F.3d at 1199 ("pattern and practice" does not mean "always"); *Chin*, 2016 WL 7211841 at *2 (uniform policy ≠ 100% rate) |
| **Subtotal (before fees)** | **$6,455,113.58** | | | |
| Attorneys' Fees (25%) | $1,613,778.40 | Per se benchmark, no case-specific analysis | Evidence of reasonable fees; benchmark applied to supported damages figure | *Fritsch*, 899 F.3d at 796 (per se benchmark prohibited; preponderance standard required) |
| **Total Claimed** | **$8,068,891.98** | | | |

Taken together, Defendant's six damages calculations and attorneys' fees estimate total $8,068,891.98. Every dollar of that figure rests on unsupported assumptions that contradict Defendant's own cited authority and that courts in this Circuit have consistently rejected. When those calculations are properly assigned no evidentiary weight the amount in controversy does not approach the $5,000,000 CAFA threshold. Defendant has failed to carry its burden.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**C.    Defendant Cannot Utilize the Remaining Four Unaddressed Claims to Meet the Amount In Controversy Requirement.**

Defendant calculated the amount in controversy using only six of Plaintiff's ten causes of action, deliberately omitting claims for unpaid overtime, failure to maintain payroll records, unreimbursed business expenses, and violation of Business and Professions Code § 17200. (Dkt. No. 1, ¶ 49.) This omission is significant in two respects.

First, it reflects that Defendant itself was unable to construct a plausible, evidence-based damages estimate for nearly half of the claims alleged, further undermining the reliability of the six calculations it attempted. Second, and critically, Defendant is bound by the record it created. A removing defendant's amount in controversy showing must stand or fall on the Notice of Removal; it cannot shore up a deficient jurisdictional basis by introducing new damages theories or calculations for the first time in a reply brief. *See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial* § 2:1630 (2024). Should Defendant attempt to invoke the four uncalculated claims in its opposition to this motion, the Court should decline to consider them. Defendant chose the jurisdictional allegations set forth in its Notice of Removal and must therefore stand on those allegations.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court remand this case to the El Dorado County Superior Court.

Dated: June 10, 2026                                LAWYERS *for* JUSTICE, PC

By:       */s/ Nareh Derhartounian*
Brittany Shaw Carter
Nareh Derhartounian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF