Brittany Shaw Carter (Cal. State Bar No. 331773)
*brittany@calljustice.com*
Nareh Derhartounian (Cal. State Bar No. 364270)
*n.derhartounian@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Telephone:   (818) 265-1020
Facsimile:    (818) 265-1021

*Attorneys for* Plaintiff
RICHARD MILLER

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MILLER, individually, and on behalf of other members of the general public similarly situated;<br><br>    Plaintiff,<br><br>    vs.<br><br>HAWTHORN SENIOR LIVING, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 2:26-cv-01779-TLN-JDP<br><br>Honorable Troy L. Nunley<br><br>*[Removed from El Dorado Superior Court, Case No. 26CV0626]*<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint Filed:    March 5, 2026<br>Removal Date:      May 11, 2026<br>Trial Date:          Not Set |

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF FACTS ....................................................................................... 2

III.    LEGAL STANDARD ................................................................................................ 2

IV.     ARGUMENT ............................................................................................................ 2

    A.      The Hargreaves Declaration Confirms the Original Notice of Removal was Deficient and Still Fails to Meet the Required Evidentiary Standard. ............ 2

    B.      The Hargreaves Declaration is Not Sufficient to Support Removal. ...................... 4

    C.      Defendant's Violation Rate Assumptions Are Speculative, Unreasonable, and Untethered to Any Evidentiary Foundation ....................................................... 5

        1.      *Defendant's 40% Meal and Rest Period Violation Rate Exceeds What "Pattern and Practice" Allegations Can Support.* ............................ 5

        2.      *Defendant's 100% Waiting Time Violation Rate Contradicts Ninth Circuit Precedent and Is Unsupported by the Complaint.* .......................... 6

        3.      *Defendant's Assumption of One Hour of Unpaid Time Per Workweek Is Unsupported by Any Fact in the Record.* ............................. 6

        4.      *Defendant's Offer to Apply the Subsequent Violation Rate for Untimely Wages Invokes a Penalty Tier It Has No Basis to Use.* ............... 7

        5.      *Defendant's 100% Wage Statement Violation Rate Is an Extreme Assumption That No Evidence Supports.* ...................................... 7

    D.      Defendant's Attorneys' Fees Calculation Fails Because It Applies a Per Se Benchmark and Relies on Unrelated Prior Settlements. ......................................... 8

    E.      Plaintiff's Conservative Calculations Rebut Defendant's Evidence and Confirm the Amount-In-Controversy Falls Well Below $5 Million. ..................... 9

V.      CONCLUSION ....................................................................................................... 10

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

i

# TABLE OF AUTHORITIES

**Cases**

*Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) ................................................ 2

*Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175 (E.D. Cal. 2020) ........................................................ 8

*Barajas v. CPC Logistics Solutions, LLC*, No. 22-cv-03911-WHO, 2022 WL 4397723 (N.D. Cal. Sept. 23, 2022) .................................................................................................................. 6

*Brown v. United Airlines, Inc.*, No. 19cv537-MMA (JLB), 2019 WL 2952200 (S.D. Cal. July 9, 2019) ................................................................................................................................ 6

*Chavez v. JP Morgan Chase & Co.*, 888 F.3d 4139th Cir. 2018) ................................................ 1

*Cleary v. Philip Morris Inc.*, 656 F.3d 511 (7th Cir. 2011) ........................................................ 3

*Contreras v. J.R. Simplot Co.*, No. 2:17-cv-00585-KJM-EFB, 2017 WL 4457228 (E.D. Cal. Oct. 6, 2017 ................................................................................................................................ 4

*Cummings v. G6 Hospitality LLC, No*. 19-CV-00122-GPC-LL, 2019 WL 1455800 (S.D. Cal. April 2, 2019) .............................................................................................................................. 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) .................................... 2

*Dobbs v. Wood Group PSN, Inc.*, 201 F. Supp. 3d 1184 (E.D. Cal. 2016). ................................ 7

*Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223 (9th Cir. 2019) .................................................... 2

*Farley v. Dolgen Cal., LLC*, No. 2:16-cv-02501-KJM-EFB, 2017 WL 3406096 (E.D. Cal. Aug. 9, 2017) .............................................................................................................................. 4, 5

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018) .................................... 8

*Garibay v. Archstone Communities LLC*, 539 Fed. App'x 763 (9th Cir. 2013) ............................ 5

*Guijarro v. Enterprise Holdings, Inc.*, No. 18-cv-09537, 2019 WL 1954656 (C.D. Cal. May 1, 2019) ................................................................................................................................ 7

*Harris v. KM Indus., Inc.*, 980 F.3d 6949th Cir. 2020)**.** .......................................................... 2, 9

*Hender v. Am. Directions Workforce LLC*, No. 2:19-cv-01951-KJM-DMC, 2020 WL 5959908 (E.D. Cal. Oct. 7, 2020) .............................................................................................................. 5

*Holcomb v. Weiser Security Services, Inc.*, 424 F. Supp. 3d 840 (C.D. Cal. 2019) ................... 4, 5

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015) ............................... 1, 2, 4, 6

*Jones v. JW Marriott Anaheim Resort*, No. *No. SACV2100703DOCDFM, 2021 WL 2473702* (C.D. Cal. June 17, 2021) ............................................................................................................ 7

*Luna v. Pronto California General Agency, LLC*, No. 2:20-cv-05223-RGK-KS, 2020 WL 4883879 (C.D. Cal. Aug. 2020) .............................................................................................. 7

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

*Olson v. Becton, Dickinson & Co.*, No. 19CV865-MMA (BGS), 2019 WL 4673329 (S.D. Cal. Sept. 25, 2019) .................................................................................................................... 6

*Pagel v. Dairy Farmers of America, Inc.*, No. 2:13-cv-02382-SVW-VBK, 2013 WL 12166177 (C.D. Cal. July 9, 2013 ................................................................................................... 3

*Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-CV-09955-BLF, 2022 WL 1210402 (N.D. Cal. Apr. 25, 2022) ...................................................................................................................... 6

*Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014)....................................................... 1, 9

*Salter v. Quality Carriers, Inc.*, 974 F.3d 959 (9th Cir. 2020) ......................................................... 2

*Triwest Healthcare Alliance Corp.*, No.2:20-cv-00312 KJM EFB, 2020 WL 4195778 (E.D. Cal. July 21, 2020.......................................................................................................................... 5

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) ............................................................. 2

*Vargas v. Airport Terminal Servs., Inc.*, No. CV 19-10069 PA (RAOx), 2020 WL 614892 (C.D. Cal. Feb. 7, 2020)................................................................................................................. 4

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Plaintiff Richard Miller respectfully submits this Reply in support of his Motion to Remand. Defendant's Opposition does not cure the deficiencies in its Notice of Removal; rather, it confirms them. Defendant filed its Notice of Removal on May 11, 2026, without a supporting declaration and without consulting its own timekeeping and payroll records. When Plaintiff challenged jurisdiction, Defendant responded with a new set of figures: revised employee headcounts, revised workweek totals, a revised average wage rate, and revised penalty calculations, all drawn from records Defendant possessed *before* removal. That revision is not a clarification. It is an acknowledgment that the original Notice lacked the evidentiary foundation required to establish federal jurisdiction.

The Defendant does not dispute that Ninth Circuit requires a removing defendant to support contested amount-in-controversy assertions by a preponderance of the evidence using summary-judgment-type evidence. *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). What Defendant cannot show is that it has met its own burden. The Hargreaves Declaration provides workforce metrics (headcounts, workweeks, shift totals, and average wage rate) but is silent as to break policies, violation frequency, and the underlying records. Bare workforce data, paired with assumed violation rates, is not summary-judgment-type evidence.

Defendant further contends that remand must be denied because Plaintiff has offered "no evidence at all to the contrary." *Rea v. Michaels Stores Inc*., 742 F.3d 1234, 1239 (9th Cir. 2014). Plaintiff does offer contrary evidence. Applying violation rates that California district courts have consistently found reasonable for identical "pattern and practice" allegations, and using Defendant's own revised figures, the total amount-in-controversy, including attorneys' fees, is approximately $2,018,260, <u>less than half the CAFA threshold</u>. *Rea* presupposes that a defendant's evidence is substantial and plausible. For the reasons set forth below, it is neither.

Accordingly, Plaintiff respectfully requests that this Court grant the Motion to Remand..

1

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

## II.   STATEMENT OF FACTS

On May 11, 2026, Defendant filed its Notice of Removal. (Dkt. No. 1.) Defendant's Notice of Removal did not include a supporting declaration to substantiate its calculations. (see generally, *Id.*) On June 10, 2026, Plaintiff filed its Motion to Remand on the basis the Defendant has not established that federal jurisdiction was met under CAFA. (Dkt. No. 15.) On June 24, 2026, Defendant filed its Opposition to Plaintiff's Motion to Remand with an accompanying declaration and a new set of figures. (Dkt. No. 16.) Defendant's newly added declaration contains new data points concerning: (1) the number of employees, (2) workweek figures, (3) wage rates, and (4) updated wage statement penalty calculations. (Dkt. No. 16.)

## III.   LEGAL STANDARD

The burden of establishing federal jurisdiction for purposes of removal is borne by the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Where, as here, a plaintiff mounts a factual challenge to the jurisdictional allegations, the burden falls entirely on the defendant to establish by a preponderance of the evidence, using summary-judgment-type evidence, that the amount in controversy exceeds the $5 million CAFA threshold. *Ibarra,* 775 F.3d at 1197 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)); *Ehrman v. Cox Commc'ns, Inc*., 932 F.3d 1223, 1228 (9th Cir. 2019); *Salter v. Quality Carriers, Inc*., 974 F.3d 959, 964 (9th Cir. 2020). A removing party "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. Plaintiff bears no obligation to submit affirmative contrary evidence to prevail. *Harris v. KM Indus., Inc*., 980 F.3d 694, 700 (9th Cir. 2020).

## IV.   <u>ARGUMENT</u>

### A.   <u>The Hargreaves Declaration Confirms the Original Notice of Removal was Deficient and Still Fails to Meet the Required Evidentiary Standard.</u>

The Hargreaves Declaration does not rescue Defendant's deficient Notice of Removal; rather, it exposes it. The most telling admission in Defendant's Opposition appears not in

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

argument, but in a footnote: the original Notice of Removal workweek figure of 29,268 "was calculated using employees' dates of employment reflected in Defendant's census records," while the revised figure of 27,728 in the Opposition "was calculated using Defendant's timekeeping and payroll records." (Dkt. 16 at 3 n.1.) This concession is dispositive.

Defendant possessed its timekeeping and payroll records before it filed the Notice of Removal. Ms. Hargreaves declares that Hawthorn Senior Living has used the UKG platform for "employee record keeping, timekeeping, and payroll processing since 2021," and that she has personal access to "personnel files, employee timekeeping and payroll records, and data kept in the ordinary course of business." (Hargreaves Decl. ¶¶ 2-3.) Despite having these records in hand, Defendant chose to calculate the original workweek figure using inaccurate census records reflecting "employees' dates of employment" rather than its actual timekeeping and payroll data; data that, by its own admission, produces a materially different result.

The difference is significant. Defendant's census-based estimate overstated workweeks by 1,540 (more than 5.5%) compared to the figure derived from its actual payroll and timekeeping records. This was not a minor discrepancy, but the result of Defendant relying on an imprecise proxy instead of records already in its possession. The corrected figure did not arise from newly discovered evidence; it resulted from Defendant finally consulting its own payroll data. That is not a clarification—it is a correction that undermines the reliability of the workforce metrics and assumptions Defendant relies upon to establish CAFA jurisdiction.

The Hargreaves Declaration was submitted to cure what Defendant now tacitly acknowledges was an insufficient original Notice. But jurisdiction under CAFA is determined at the time of removal. *Pagel v. Dairy Farmers of America, Inc.*, No. 2:13-cv-02382-SVW-VBK, 2013 WL 12166177, at *1 (C.D. Cal. July 9, 2013) (internal citations omitted). The relevant question is whether Defendant established, *at the time of removal*, that the amount-in-controversy was supported by competent evidence. A post-removal declaration confirming that Defendant had more accurate records available before removal, and chose not to use them, does not establish that the original Notice was adequate. It confirms that it was not.

3

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

Even if a post-removal declaration could cure the original Notice's deficiency, which it cannot, the Hargreaves Declaration still fails to provide the evidentiary foundation Defendant claims it supplies. The declaration provides approximate employee headcounts, total workweeks, pay periods, shift lengths, and average hourly rate. (Hargreaves Decl. ¶¶ 5-8.) It is entirely silent as to break policies, the frequency of missed meal and rest periods, the specific records reviewed in forming those figures, or any facts bearing on how often violations occurred. As California district courts have held, declarations that do not include "the lengths of shifts, employees' part-time or full-time status, or frequency of violations that may have occurred" provide no support for estimated violation rates. *Holcomb v. Weiser Security Services, Inc.*, 424 F. Supp. 3d 840, 846 (C.D. Cal. 2019). The declaration provides workforce metrics. It does not provide evidentiary support for the violation rate assumptions Defendant stacks upon those metrics to cross the $5 million threshold. Without that support, Defendant's amount-in-controversy calculation constitutes the "mere speculation and conjecture, with unreasonable assumptions" that *Ibarra* expressly prohibits. 775 F.3d at 1197.

Defendant's revised figures, drawn from records it already possessed at the time of removal, do not transform a deficient Notice into a sufficient one. They confirm that a more rigorous analysis was available from day one, and that Defendant chose not to conduct it.

### B.    The Hargreaves Declaration is Not Sufficient to Support Removal.

Even setting aside the foundational deficiency addressed above, the Hargreaves Declaration fails as standalone evidence. A declaration from a payroll supervisor that provides only headcounts, workweeks, pay periods, and an average wage rate, without corroborating documents, does not satisfy Defendant's burden. See *Farley v. Dolgen Cal., LLC*, No. 2:16-cv-02501-KJM-EFB, 2017 WL 3406096, at *3 (E.D. Cal. Aug. 9, 2017) ("Without corroborating documents, Cheesman's declaration, on which defendant heavily relies, is speculative and self-serving."); *Vargas v. Airport Terminal Servs., Inc.*, No. CV 19-10069 PA (RAOx), 2020 WL 614892, at *4 (C.D. Cal. Feb. 7, 2020) (citing *Contreras v. J.R. Simplot Co.*, No. 2:17-cv-00585-KJM-EFB, 2017 WL 4457228, at *3 (E.D. Cal. Oct. 6, 2017)) (a "defendant's amount in

4

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

controversy calculation is unjustified where the only evidence the defendant provides is 'a declaration by [its] supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages.'"); *Holcomb,* 424 F. Supp. 3d at 846 (noting declarations which do not include "the lengths of shifts, employees' part-time or full-time status, or frequency of violations that may have occurred" provide no support for estimated violation rates).

The Hargreaves Declaration, viewed alone, cannot be relied upon to establish the average rate of pay utilized in Defendant's calculations. As the Eastern District held in *Schwarz v. Triwest Healthcare Alliance Corp.*, a declaration, viewed alone without other corroborating evidence, "cannot be relied upon to establish the average wage by a preponderance of the evidence." No.2:20-cv-00312 KJM EFB, 2020 WL 4195778, at *3 (E.D. Cal. July 21, 2020). As in *Garibay v. Archstone Communities LLC*, 539 Fed. App'x 763, 764 (9th Cir. 2013), Defendant's declaration provides only generalized wage information without explaining how the purported average hourly rate was calculated or establishing that it accurately reflects the wages of the putative class. Accordingly, the declaration does not provide sufficient evidentiary foundation to support damages calculations based on that asserted average rate of pay. The Hargreaves Declaration is materially indistinguishable from the declarations rejected in *Farley* and *Schwartz*. As a result, it should fail on the same grounds.

**C.** **Defendant's Violation Rate Assumptions Are Speculative, Unreasonable, and Untethered to Any Evidentiary Foundation.**

1. *Defendant's 40% Meal and Rest Period Violation Rate Exceeds What "Pattern and Practice" Allegations Can Support.*

Defendant attempts to validate its 40% violation rate by pointing to cases approving 60%. But justifying a 40% rate by referencing a higher ceiling is not a reasoned analysis; it is an attempt to benefit from that ceiling by association. A "pattern and practice" allegation supports conservative violation rates of 20-25%, not 40%. See *Hender v. Am. Directions Workforce LLC*, No. 2:19-cv-01951-KJM-DMC, 2020 WL 5959908, at *8 (E.D. Cal. Oct. 7, 2020) (finding a

5

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

20% violation rate reasonable when a plaintiff "claims a 'policy and practice' of denying employees meal and rest breaks"); *Olson v. Becton, Dickinson & Co*., No. 19CV865-MMA (BGS), 2019 WL 4673329, at *4 (S.D. Cal. Sept. 25, 2019) (finding a 25% violation rate appropriate based on plaintiff's "pattern and practice" allegation). Defendant offers no factual basis, in the Complaint, the Hargreaves Declaration, or anywhere else, for why this case warrants a rate nearly double what courts in this district, and others, have found reasonable on materially identical allegations.

2.    *Defendant's 100% Waiting Time Violation Rate Contradicts Ninth Circuit Precedent and Is Unsupported by the Complaint*.

Defendant's 100% violation rate for waiting time penalties is directly foreclosed by *Ibarra*: a "'pattern and practice' of doing something does not necessarily mean always doing something." 775 F.3d at 1198-99. The Complaint does not allege that every separated employee received untimely final wages, and the Hargreaves Declaration provides nothing beyond a headcount of 481 separated employees; it is entirely silent as to when, or whether, final wages were paid. District courts have consistently rejected 100% waiting time violation rates on identical allegations. See *Brown v. United Airlines, Inc*., No. 19cv537-MMA (JLB), 2019 WL 2952200, at *5 (S.D. Cal. July 9, 2019) (allegations that the putative class did not receive full compensation support the inference that they received some compensation, rendering a 100% rate "unwarranted and speculative"); *Barajas v. CPC Logistics Solutions, LLC*, No. 22-cv-03911-WHO, 2022 WL 4397723, at *3 (N.D. Cal. Sept. 23, 2022) ("broad allegations in a complaint do not typically justify a 100% violation rate for either the waiting time penalty or wage statement violations"); *Ramirez v. HV Glob. Mgmt. Corp*., No. 21-CV-09955-BLF, 2022 WL 1210402, at *5 (N.D. Cal. Apr. 25, 2022) (applying a 25% violation rate and rejecting defendants' 100% rate where "Defendants provide little justification for assuming a 100% violation rate").

3.    *Defendant's Assumption of One Hour of Unpaid Time Per Workweek Is Unsupported by Any Fact in the Record*.

Defendant assumes every putative class member worked one full hour of uncompensated

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

time per workweek for the entirety of the class period. No fact in the Complaint, the Hargreaves Declaration, or any other submitted evidence supports that assumption. The declaration provides shift lengths and total workweeks; it says nothing about the nature, frequency, or duration of allegedly unpaid work. Where a defendant offers no evidentiary basis for the specific quantum of uncompensated time assumed, district courts have rejected the figure as speculative. *Guijarro v. Enterprise Holdings, Inc.*, No. 18-cv-09537, 2019 WL 1954656, at \*5 (C.D. Cal. May 1, 2019) (rejecting a 0.5 hours per week assumption where defendant provided no supporting evidence beyond a declaration with generalized workforce data). Defendant's assumption of one full hour per week, double the figure rejected in *Guijarro,* fares no better here.

> 4.     *Defendant's Offer to Apply the Subsequent Violation Rate for Untimely Wages Invokes a Penalty Tier It Has No Basis to Use.*

A 100% violation rate for untimely payment of wages is unreasonable for the same reasons set forth above. See *Dobbs v. Wood Group PSN, Inc.*, 201 F. Supp. 3d 1184, 1189-90 (E.D. Cal. 2016). Defendant's alternative suggestion to apply the subsequent violation rate under Labor Code § 210 fares no better. That rate applies only where an employer has been previously cited by the Labor Commissioner. Defendant alleges no such prior citation. Its offer to double the figure on this claim is not a good-faith calculation; it is an attempt to manufacture jurisdiction through an inapplicable penalty tier.

> 5.     *Defendant's 100% Wage Statement Violation Rate Is an Assumption That No Evidence Supports.*

Defendant's reliance on a 100% violation rate for wage statement penalties is equally unreasonable. *Jones v. JW Marriott Anaheim Resort*, No. *No. SACV2100703DOCDFM, 2021 WL 2473702, at \*4* (C.D. Cal. June 17, 2021) (holding Defendant's assumed 100% wage statement violation rate was an assumption "not supported by evidence"); *Luna v. Pronto California General Agency, LLC*, No. 2:20-cv-05223-RGK-KS, 2020 WL 4883879, at \*2-3 (C.D. Cal. Aug. 2020) (holding that "a uniform pattern and practice is insufficient to reasonably support the assumption of a 100% violation rate" for wage statement penalties);

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Cummings v. G6 Hospitality LLC, No*. 19-CV-00122-GPC-LL, 2019 WL 1455800, at *4 (S.D. Cal. April 2, 2019) (holding a 100% violation rate unreasonable where it was not supported by the complaint or Defendant's evidence). Because the wage statement claim is derivative of the underlying violations, a reasonable violation rate of 20%, proportional to the meal and rest period rate, is the appropriate measure, as reflected in Plaintiff's calculations below.

        **D.**     **Defendant's Attorneys' Fees Calculation Fails Because It Applies a Per Se Benchmark and Relies on Unrelated Prior Settlements.**

The Ninth Circuit is unambiguous: a defendant "may not relieve the defendant of its evidentiary burden by adopting a per se rule for one element of the amount at stake in the underlying litigation." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018). Defendant does exactly that by applying the 25% benchmark to its inflated and unsupported damages base without any case-specific analysis. The Eastern District has applied *Fritsch* precisely to foreclose this approach, holding that "a per se equitable rule [of 25% benchmark] is inapplicable" when calculating attorneys' fees at the removal stage. *Avila v. Rue21, Inc*., 432 F. Supp. 3d 1175, 1192 (E.D. Cal. 2020) (citing *Fritsch*, 899 F.3d at 796). Defendant offers no evidence that a 25% fee award is reasonable in <u>this specific case</u>, at this stage, before certification, and before any merits litigation. See *id*. at 1193 ("Defendant fails to present any evidence to establish how the proposed 25% attorneys' fees calculation for the instant case is reasonable; it may well be that a lesser percentage in attorneys' fees would be reasonable here.").

Defendant's reliance on prior fee awards obtained by Plaintiff's counsel fares no better. That Plaintiff's Counsel sought 35% in other, fully litigated and settled wage-and-hour class actions says nothing about the appropriate benchmark here. *Fritsch* requires a case-specific evidentiary showing, not a comparison to unrelated settlements involving different facts, class sizes, litigation histories, and fee records. Because Defendant has made no such showing, its attorneys' fees estimate should not be included in the amount in controversy.

///

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

8

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### E.    Plaintiff's Conservative Calculations Rebut Defendant's Evidence and Confirm the Amount-In-Controversy Falls Well Below $5 Million.

Defendant contends that remand must be denied because Plaintiff has offered "no evidence at all to the contrary." *Rea.*, 742 F.3d at 1239. That characterization is incorrect, and *Rea* does not carry the weight Defendant places on it. The Ninth Circuit has explicitly addressed and rejected any requirement that a plaintiff submit affirmative contrary evidence to prevail on a motion to remand. *Harris,* 980 F.3d at 700. For the reasons set forth above, Defendant's violation rate assumptions remain untethered to any factual foundation in the Hargreaves Declaration or the Complaint. Workforce headcounts, workweek totals, and an average wage rate, with violation rates assumed wholesale, is not the substantial, plausible evidence *Rea* contemplates.

In any event, Plaintiff does offer contrary evidence. Applying violation rates that California district courts have consistently found reasonable for identical "pattern and practice" allegations, and using Defendant's own revised workforce figures from the Hargreaves Declaration, the total amount-in-controversy, including attorneys' fees, does not exceed approximately $2,018,260, less than **half** the CAFA threshold:

| Claim | Original NOR | Revised (Opposition) | Plaintiff's Conservative Position | Basis |
|---|---|---|---|---|
| **Meal Period Premiums** | $576,797.76<br><br>(40% of 78,540 shifts; $18.36/hr) | $552,992.82<br><br>(40% of 74,407 shifts; $18.58/hr) | ~$276,496<br><br>(20% of 74,407 shifts x $18.58) | While Courts have found even 1/week speculative without a declaration (*Weston*), Plaintiff will concede 1/week is the reasonable ceiling. |
| **Rest Period Premiums** | $636,401.66<br><br>(40% of 86,656 shifts; $18.36/hr) | $610,130.04<br><br>(40% of 82,095 shifts; $18.58/hr) | ~$305,065<br><br>(20% of 82,095 shifts x $18.58) | Same as meal period. |
| **Unpaid Minimum Wages** | $1,074,720.96<br><br>(1 hr/wk x 27,728 wks x $18.36 x 2) | $1,030,372.48<br><br>(1 hr/wk x 27,728 wks x $18.58 x 2) | ~$515,186<br><br>(0.5 hr/wk x 27,728 x $18.58 x 2) | While *Guijarro* rejected even 0.5 hr/week with a declaration, Plaintiff will concede 0.5 hr/week demonstrating "some" unpaid time. |
| **Waiting Time Penalties** | $1,819,843.20<br><br>(551 separated | $1,609,771.20<br><br>(481 separated | ~$321,731<br><br>(481 x 50% x 9 | While *Lowdermilk* directly held that assuming the full 30-day |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

| | | | | |
|---|---|---|---|---|
| | x 30 days x 8 hrs x $18.36) | x 30 days x 8 hrs x $18.58) | days avg. x 8 hrs x $18.58) | max without evidence of actual delay is improper: "many employees may have been paid only a few days late." A 9-day average reflects a modest delay without assuming the statutory maximum for everyone. |
| **Untimely Payment of Wages** | $1,560,800.00 (15,608 pay periods x $100) | $1,478,100.00 (14,781 pay periods x $100) | ~$147,810 (14,781 pay periods x 10% rate x $100) | While *Ibarra* held a "pattern and practice" does not mean "always," and courts including *Dobbs* and *Brown v. Janus* have rejected 100% rates on identical allegations, a 10% rate acknowledges systematic violations without accepting that every pay period was untimely. |
| **Wage Statement Penalties** | $786,550.00 (100% rate; $50/$100 penalties; $4,000 cap) | $241,600.00 (100% rate; $4,000 cap) | ~$48,320 (20% of $241,600; derivative of above) | Derivative claim: concede proportionally to the underlying violations. A 100% rate requires proof that every statement was deficient, which the Hargreaves Declaration does not provide. |
| **Damages Subtotal** | $6,455,113.58 | $5,522,966.54 | ~$1,614,608 | |
| **Attorneys' Fees (25%)** | $1,613,778.40 | $1,380,741.64 | ~$403,652 | *Fritsch* prohibits a per se rule but even granting the 25% benchmark on the reduced damages base, damages do not increase over $5 million. |
| **TOTAL** | $8,068,891.98 | $6,903,708.18 | ~$2,018,260 | **Well below the $5 million CAFA threshold.** |

Defendant's own revised figures, when paired with reasonable violation rates, confirm that the $5 million threshold is not met. As a result, Remand is required.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant his motion and remand this action to the El Dorado County Superior Court.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

Dated: July 2, 2026

**LAWYERS *for* JUSTICE, PC**

By:    */s/  Brittany Shaw Carter*

Brittany Shaw Carter
Nareh Derhartounian
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

11

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF